Filed 4/23/15  P. v. Sanchez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>REENA ASHLIE SANCHEZ,<br><br>    Defendant and Appellant. | C076787<br><br>(Super. Ct. No. 13F00745) |

About 3:45 a.m. on February 3, 2013, defendant Reena Ashlie Sanchez rear-ended an SUV, causing it to spin out of control, crash into a tree, and eject two people in the backseat who were not wearing seatbelts; one died and the other was injured. Defendant's two children were in car seats in the backseat of her car.  Defendant had been speeding and was under the influence of alcohol (0.12 BAC).

Defendant entered a negotiated plea of no contest to gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a); count one) and two counts of child

1

endangerment (Pen. Code, § 273a, subd. (a); counts four and five). In connection with count one, defendant admitted a great bodily injury (GBI) allegation (Pen. Code, § 12022.7, subd. (a)).[1] Defendant entered her plea and admission in exchange for a stipulated state prison sentence of eight years four months and the dismissal of the remaining counts [two counts of driving under the influence causing injury to more than one person (counts two and three); one count of driving without a license, a misdemeanor (count six)].

The trial court sentenced defendant accordingly, that is, the low term of four years on count one, plus a three-year enhancement for GBI; a consecutive one-third the midterm or one year four months for count four; and a concurrent four-year term for count five.

Defendant appeals. She did not obtain a certificate of probable cause (Pen. Code, § 1237.5).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1] Defendant admitted knowing that the GBI enhancement related to another victim. The victim of the manslaughter offense was Demaris Ingram and the victim of the GBI enhancement was Michael Buchanan.

DISPOSITION

The judgment is affirmed.

       HULL       , J.

We concur:

       RAYE       , P. J.

       RENNER       , J.